FILED

SEP 15 2015

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KENNETH A. WHITE,

Plaintiff,

v.  Civil Action No. 1:15-CV-140- IMK-JSK

RCS RECOVERY SERVICES LLC, FIA
CARD SERVICES, WELLS FARGO BANK,
AND LORAIN NATIONAL BANK,

Defendants.

## ORDER AND OPINION

Before the Court is Defendants', RCS Recovery Services LLC, Wells Fargo Bank, N.A., and Lorain National Bank, (collectively, "Defendants") Motion to Stay Case and Suspend Briefing Deadlines on Future Motions Until After Resolution of Pending Motions (Docket No. 27).

### I. PROCEDURAL & FACTUAL HISTORY

Plaintiff, Kenneth A. White, a *pro se* litigant, currently incarcerated in Federal Correctional Institution Hazelton filed the Complaint against Defendants on July 21, 2015, in Preston County, West Virginia Circuit Court. (Docket No. 1, Ex 2.) On August 17, 2015, this case was removed to the United States District Court for the Northern District of West Virginia. (Docket No. 1.) On August 24, 2015, Defendants RCS Recovery Service LLC and Lorain National Bank filed separate motions to dismiss for failure to state a claim and lack of jurisdiction respectively. (Docket No. 5 & 6.) Defendant Wells Fargo also filed a motion to dismiss on August 31, 2015. (Docket No. 18.) In the one week period between August 27, 2015 and September 04, 2015, Plaintiff filed five separate motions, including three motions for summary judgment, a motion to

correct one of the motions for summary judgment, and a motion to transfer the case to the Northern District of Ohio. (Docket No. 11; 12; 13; 24; & 26.) As such, excluding the instant motion, there are currently eight pending motions pertaining to an action that has been before this Court for approximately one month.

On September 10, 2015, Defendants filed a joint motion, moving this Court to stay the case (including discovery) and suspend briefings on future motions until the Court rules on the eight other motions before it. (Docket No. 27.) Defendants contend that with so many pending motions (almost all of which could resolve the case entirely), it is a waste of resources to allow for further motions and discovery. (Docket No 27.)

Plaintiff responded on _____ arguing that _____

## II. DISCUSSION

Federal Rule of Civil Procedure 26(c) states that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the discovery or disclosure;
>
> (B) specifying terms, including time and place, for the disclosure or discovery[.]

Fed. R. Civ. P. 26. Furthermore, it is well established that every district court may exercise broad discretion in staying cases in order to maintain control over its docket and preserve judicial resources. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Muhammad

v. Warden, Baltimore City Jail, 849 F.2d 107, 111 (4th Cir. 1988). This may include staying discovery until preliminary issues (including dispositive motions) are resolved. Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988). In making a determination as to whether to stay a case, the deciding court ought to balance the harm produced by delay against the costs and burdens presented by proceeding with discovery and the likelihood that the pending motions will eliminate the need for discovery all together. Id.

Here, the Court sees very little harm in staying future motions and discovery until it resolves the eight motions pending before it. In this early stage of litigation the motions against Plaintiff are challenges based upon jurisdiction and statement of a claim. These motions require no discovery in order to be defended against. Similarly, Defendants have jointly moved to stay discovery, despite motions for summary judgment against Defendants, indicating that they have no need for discovery to defend against the motions.

Conversely, forcing parties to address numerous additional motions and discovery requests, while also litigating eight motions for summary judgment and motions to dismiss would be incredibly burdensome and costly. It is also plausible that at least one of the eight motions will result in one or more of the Defendants being removed from the case all together (either through dismissal or summary judgment against one or more Defendant). Since this is a plausible outcome, the Court sees no reason to waste judicial resources or place undue time and financial burdens on the litigants. Resultantly, the Court **GRANTS** Defendants' joint motion (Docket No. 27).

The Clerk of the Court is directed to provide a copy of this Order and Opinion to counsel of record and send a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

It is so **ORDERED**.

DATED: September 15, 2015

JOHN S. KAULL
UNTITED STATES MAGISTRATE JUDGE