IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNETH A. WHITE**

    **Plaintiff,**

**v.**                //         CIVIL ACTION NO. 1:15CV140
                                          (Judge Keeley)

**RCS RECOVERY SERVICES LLC,
FIA CARD SERVICES, WELLS
FARGO BANK, AND LORAIN
NATIONAL BANK**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER ADOPTING
## REPORT AND RECOMMENDATION [DKT. NO. 61]

Pending before the Court is the Report and Recommendation entered by Magistrate Judge Michael J. Aloi, as well as the objections filed by the pro se plaintiff, Kenneth A. White ("White"). For the reasons that follow, the Court **ADOPTS** the R&R, **OVERRULES** White's objections, and **DISMISSES** his claims **WITH PREJUDICE**.

## I. BACKGROUND

On July 21, 2015, the pro se plaintiff, Kenneth A. White ("White"), filed a complaint in the Circuit Court of Preston County against the defendants, RCS Recovery Services LLC ("RCS"), FIA Card Services ("FIA"),[1] Wells Fargo Bank ("Wells Fargo"), and Lorain

---

[1] White incorrectly named FIA Card Services as a defendant. Bank of America, N.A. ("BOA") is the proper defendant. BOA has filed motions in FIA's place and also responded to any of White's motions directed at FIA. Accordingly, the Court refers to FIA as BOA for the balance of this Memorandum Opinion and Order.

National Bank ("Lorain") (collectively "defendants"). White's complaint sought damages for violations of the Fair Debt Collection Practices Act, the Truth in Lending Act, contract fabrication, and fraud (dkt. no. 1). The defendants removed the case to this Court on August 17, 2015, at which time the Court referred it to United States Magistrate Judge Michael J. Aloi[2] for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2.

Subsequently, pursuant to Fed. R. Civ. P. 12(b)(6), RCS, Wells Fargo, and BOA each filed separate motions to dismiss asserting, among other grounds, failure to state a claim upon which relief may be granted (dkt. nos. 5, 18, and 48). In addition, pursuant to Fed. R. Civ. P. 12(b)(2), Lorain filed its motion to dismiss for lack of personal jurisdiction (dkt. no. 6). In a one month period, from August 27, 2015, to September 28, 2015, White filed no less than eight motions, including a motion for default judgment (dkt. no. 42), several for summary judgment (dkt. nos. 11, 12, 24, and 43), and one moving the Court to transfer the case to the Northern District of Ohio (dkt. no. 26).

During the same time frame, the defendants jointly moved to

---

[2]The case was originally referred to Magistrate Judge John S. Kaull, but was reassigned to Magistrate Judge Aloi on October 1, 2015.

stay the case, suspend discovery, and suspend briefings and future motions until the Court ruled on the pending motions to dismiss (dkt. no. 27). Magistrate Judge Kaull agreed, granted the motion, and stayed the case on September 15, 2015 (dkt. no. 33). Realizing, however, that White had not been afforded an opportunity to respond to the motion, Magistrate Judge Kaull lifted the stay on September 24, 2015, and gave White ten days from service of the order to file his response (dkt. no. 41). On the October 8, 2015, deadline, White moved for an extension of time to file his response to the motion to stay, arguing that he had never actually received a copy of the motion (dkt. no. 50). On October 16, 2015, Magistrate Judge Aloi granted White's motion, ordered the Clerk to serve him with a copy of the motion to stay, and ordered that he file his response within thirty days (dkt. no. 52). White timely filed his response, and, on November 30, 2015, Magistrate Judge Aloi granted the defendants' motion to stay the case.

On December 10, 2015, Magistrate Judge Aloi issued an R&R, finding that White's complaint failed to satisfy the pleading requirements of Fed. R. Civ. P. 8(a) and 9(b). Dkt. No. 61 at 13. Furthermore, he concluded that United States District Judge Irene Berger of the Southern District of West Virginia had previously ruled on the jurisdictional question, finding no personal

3

jurisdiction over Lorain; thus, the magistrate judge concluded the doctrine of collateral estoppel barred White from re-litigating the issue in this Court. Id. at 16. Consequently, he recommended that the Court grant each of the defendants' motions and dismiss with prejudice White's complaint based on, inter alia, failure to state a claim upon which relief may be granted, and, in Lorain's case, collateral estoppel based on the lack of personal jurisdiction. Id. at 13, 16. The R&R also warned White that his failure to object to the R&R within 14 days would result in the waiver of any appellate rights he might otherwise have on this issue.[3] Id. at 17.

On December 28, 2015, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(I), White filed a notice of dismissal, informing the Court that he had settled all claims with BOA and therefore was dismissing them from this suit (dkt. no. 64). Accordingly, BOA is no longer a party in this matter.

Subsequently, on January 4, 2016, White filed his objections to the R&R, noting four objections in total (dkt. no. 61). Wells

---

[3] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997). It should be noted that White untimely filed objections to the R&R. (Dkt. No. 65).

Fargo and Lorain filed responses to White's objections on January 7, 2016, and January 14, 2016, respectively.

## II. STANDARD

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made . . . and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir.1983)).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson, 605 F. Supp.2d at 749 (citing Howard's Yellow Cabs, Inc. v. United States, 987 F.Supp. 469, 474 (W.D.N.C. 1997)). Further, failure to raise "any specific error of the magistrate's review" waives the claimants right to a de novo review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Likewise, "general and conclusory" objections to the magistrate's R&R do not warrant a de novo review by the District Court. Id. (citing Howard's Yellow Cabs, 987 F.Supp. at 474); see also Green v. Rubenstein, 644 F.Supp.2d 723 (S.D.W.Va. 2009).

### III. DISCUSSION

White raises four objections to the R&R. First, he objects to the recommendation that the Court should dismiss his claims without providing him with an opportunity to amend his complaint. Second, he objects that the R&R fails to address his request for sanctions on the defendants. Third, he objects that his claims against BOA should not be dismissed because he has already settled that claim. Finally, he objects to the conclusion that he "had a full and fair opportunity to dispute the jurisdictional issue in the Southern District" (dkt. no. 65 at 1-2). The Court will address these objections in turn.

**A.   Opportunity to Amend**

White begins by acknowledging the bases on which Magistrate Judge Aloi recommended dismissing his claims, namely that they failed to meet the federal pleading standards of Fed. R. Civ. P. 8 or 9, and that his complaint failed to allege sufficient facts to support his claims. Id. at 1. At no point, however, does White argue that the R&R is incorrect in its findings or reasoning, which means that he has not objected to the recommendation that his claims be dismissed for the reasons articulated by Magistrate Judge Aloi. Consequently, he has waived any de novo review of that conclusion in the R&R, and, after a thorough review, the Court finds no clear

error contained therein. See Dellacirprete, 479 F. Supp. 2d at 603-04 (citing Camby, 718 F.2d at 199).

White does contend, however, that he should have been given the opportunity to amend his complaint to correct its deficiencies. He argues that, because Magistrate Judge Kaull Kaull stayed the case and suspended any further briefing in his Order and Opinion dated September 15, 2015 (dkt. no. 33), he could not have amended his complaint without violating that order. White's contention lacks merit.

To begin, the stay was imposed from September 15, 2015 to September 24, 2015, a period of only nine days, and then again on November 30, 2015, ten days before Magistrate Judge Aloi issued the R&R to which White objects. Further, he was already aware of the deficiencies of his complaint from the defendants' various motions to dismiss, as well as the complaint's deficiencies that were documented during the nearly identical litigation in the Southern District of West Virginia. See Dkt. No. 61 at 14-15 (noting previous litigation over the same claims in the Southern District at Case No. 1:13-cv-08738). Other than during the nineteen days that the case was stayed prior to entry of the R&R, White was free to file an amended complaint at any point. Nevertheless, he failed to do so, instead utilizing that time to file multiple other motions with the

7

Court. See Mason v. Wexford Health Sources, 2011 WL 96571, at *8 (N.D.W. Va. Jan. 11, 2011) (overruling objection to complaint being dismissed with prejudice because plaintiff had chance to respond to motion to dismiss); Sweeting v. McCabe, 141 Fed. Appx. 177 (4th Cir. 2005) (affirming dismissal with prejudice even though pro se plaintiff asked in his complaint for leave to amend); Unthank v. Freedom Mortg. Corp., 539 Fed. Appx. 132 (4th Cir. 2013) (affirming dismissal of complaint where pro se plaintiffs argued that court erred by not "advising them of their right to amend the complaint or providing them an opportunity to do so").

Additionally, other than providing several statements indicating that he intended to amend his complaint,[4] he failed to provide even the slightest indication as to what factual amendments he intended to make, let alone any details as to how they might lend credence to his claims. See Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d 402, 409 (8th Cir. 1999) ("[P]arties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim.").

---

[4]See Dkt. nos. 54, 54, and 58. At least as early as October 23, 2015, White indicated that he was "currently amending his Complaint." Dkt. No. 54 at 3 (written by White on October 23, 2015, but not filed with the Court until October 28, 2015). Yet he failed to do so, despite taking the opportunity to file multiple other documents with the Court.

Finally, the Court notes that, although White's objection contends that Magistrate Judge Kaull's order of September 15, 2016, foreclosed his ability to file any "documents" with the Court, an order he claims the defendants have ignored, he himself filed no less than fifteen documents with the Court after that date (dkt. nos. 37, 39, 42, 43, 45, 50, 54, 55, 58, 62, 64, 69-72).[5] White filed the majority of these documents during the time that the case was actually stayed. It is apparent that White's after-the-fact argument that he was somehow prevented from moving for leave not only ignores the fact that he had ample opportunity to do so during the periods when the stay was not in effect, but also that the stay never actually prevented him from filing whatever he chose. His objection rings hollow.

Based on the foregoing, the Court concludes that neither Magistrate Judge Kaull nor Magistrate Judge Aloi denied White leave to amend his complaint. On the contrary, White never moved to amend, despite multiple claims that he was in the process of doing so for over a month prior to entry of the R&R. He was aware of his complaint's potential deficiencies for an even longer period of time, and he had plenty of opportunities to move for leave, as

---

[5]White's objections to the R&R are not included in this number, as the R&R allowed him to file such notwithstanding the stay.

evidenced by his multiple other filings during the same time period. It is evident that White simply chose not to move for leave to amend. Accordingly, the Court **OVERRULES** his objection that the R&R improperly dismissed his claims without allowing him to amend.

**B. Sanctions**

White next objects that the R&R "necessarily implies that . . . there is no need to address the appropriateness of sanctioning Defendants." Dkt. No. 65 at 2. Further, he posits that the Court would benefit from further briefing on the issue. White is correct that the recommendation of the R&R would render any discussion of sanctions moot, but he is incorrect that further briefing on the issue would benefit the Court in any way.

In his "Opposition to Motion for Protective Order"[6] (dkt. no. 58), White sought sanctions for what he perceived as the defendants' filing of a meritless motion. The Court need not address the validity of his claim because the defendants prevailed on their motion when, after reviewing the parties' briefs and the entirety of the docket, Magistrate Judge Aloi granted the motion and stayed

---

[6]Based on the contents of the filing, it is clearly an opposition to the defendants' joint motion to stay the case (dkt. no. 27).

the case.[7] Accordingly, there is no legal basis to sanction the defendants for presenting a successful motion, and any further briefing on the matter would be pointless. See Fed. R. Civ. P. 11.

**C.    White's Claims Against BOA**

White's "third objection" is not an actual objection. Rather it is merely informing the Court that he has settled all of his claims with BOA, thereby rendering moot the R&R's recommendation that his claims against BOA be dismissed. Indeed, White noticed his dismissal of BOA on December 28, 2016 (dkt. no. 64). Accordingly, the Court need not address White's "third objection."

**D.    White's Full and Fair Opportunity to Dispute the Issue of the Court's Jurisdiction over Lorain in the Southern District**

One of the bases on which Lorain had moved to dismiss White's claims against it was that "collateral estoppel, also known as issue preclusion, bar[red] [White] from re-litigating the jurisdictional question because it was already decided by District Court Judge Irene Berger in the Southern District of West Virginia." Dkt. No. 61 at 14 (citing White v. Alliance One Receivable, No. 1:13CV08738, 2014 WL 320123 (S.D.W. Va. Jan. 29, 2014)). In order to assert collateral estoppel, a party must establish five elements:

---

[7]In addition, Magistrate Judge Kaull had also initially granted the defendants' motion.

>   (1) that "the issue sought to be precluded is identical to one previously litigated" ("element one"); (2) that the issue was actually determined in the prior proceeding ("element two"); (3) that the issue's determination was "a critical and necessary part of the decision in the prior proceeding" ("element three"); (4) that the prior judgment is final and valid ("element four"); and (5) that the party against whom collateral estoppel is asserted "had a full and fair opportunity to litigate the issue in the previous forum" ("element five").

Collins v. Pond Creek Mining Co., 468 F.3d 213, 217 (4th Cir. 2006) (quoting Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir. 1998)).

In the earlier case in the Southern District of West Virginia, Judge Berger ruled that Lorain had not purposefully availed itself of the privilege of conducting activities in West Virginia, and that it had no continuous and systematic contacts with West Virginia. Consequently, Judge Berger held that the Court lacked personal jurisdiction over Lorain. Id. at 15.

After analyzing all five elements of Collins, Magistrate Judge Aloi's R&R adopted Lorain's collateral estoppel argument, finding that: (1) the personal jurisdiction issue was identical to the one raised in the prior litigation; (2) the issue was actually adjudicated there; (3) it was a critical and necessary part of Judge Berger's decision, which dismissed the case; (4) "Judge Berger's decision stands as the final and valid judgment"; and (5) "[White]

had a full and fair opportunity to dispute the jurisdictional issue in the Southern District." Id. at 15-16. Consequently, because the Southern District of West Virginia had already ruled that it lacked jurisdiction over Lorain, the R&R concluded that collateral estoppel applied, and it therefore recommended that the Court grant Lorain's motion to dismiss.

White's fourth and final objection begins by acknowledging that the R&R correctly concluded that Judge Berger's decision stands as a final and valid judgment, which satisfies element four of collateral estoppel (dkt. no. 65 at 2). He makes no reference at all to the R&R's findings on the first three elements of collateral estoppel. He does, however, express his disagreement with the R&R's statement that he had a "full and fair opportunity to dispute the jurisdictional issue in the Southern District." Dkt. No. 65 at 3. Finally, White states that he "now recognizes that he must first pursue relief from Judge Berger's judgment . . . before he may prosecute claims against Defendant [Lorain]." Id. at 2.

To the extent that White apparently is abandoning his pending claim against Lorain, the Court need not comment. Insofar as he objects to the R&R's finding that the fifth element of collateral estoppel was satisfied, the Court concludes that White was indeed given a full and fair opportunity to dispute the jurisdictional

issue in the Southern District. As the R&R recounts, and as the Court confirms, Judge Berger afforded White a full and fair opportunity to dispute the issue during the course of that litigation. After Lorain moved to dismiss in that case, White filed a response. See White, 2014 WL 320123 at *12. After Lorain filed its reply, White filed an "Objection to Defendant's Opposition to Motion to Dismiss," see id. at *13, and subsequently filed an affidavit in support of that objection. Id. United States Magistrate Judge Clark VanDervort summarized White's response, objection, and affidavit, and he factored them into his R&R, which Judge Berger adopted. Id. at *12–13. As evidenced through his response, reply, and affidavit, the Southern District gave White ample opportunity to dispute Lorain's jurisdictional argument in that case.

Accordingly, the Court concludes that the doctrine of collateral estoppel precludes the relitigation of the question whether the Court has personal jurisdiction over Lorain. As a consequence, the Court **GRANTS** Lorain's motion to dismiss for lack of jurisdiction.

### IV. CONCLUSION

Based on the foregoing de novo review of White's valid objections, and finding no clear error in the remaining portions of the R&R to which he did not object, the Court:

**WHITE V. RCS RECOVERY SVCS., LLC, ET AL.**                               1:15CV140

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 61]**

- **ADOPTS** the R&R (dkt. no. 61);

- **OVERRULES** White's objections (dkt. no. 65);

- **GRANTS** the motion to dismiss filed by RCS (dkt. no. 5);

- **GRANTS** the motion to dismiss filed by Lorain (dkt. no. 6);

- **GRANTS** the motion to dismiss filed by Wells Fargo (dkt. no. 18);

- **DENIES AS MOOT** the motion to dismiss filed by BOA (dkt. no. 48);

- **DENIES AS MOOT** the remaining motions filed by White (dkt. nos. 11, 12, 13, 24, 26, 42, 43, and 54); and

- **DISMISSES** this case **WITH PREJUDICE** and **ORDERS** that it be stricken from the Court's active docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: February 22, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE